UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDREW M. PODEMS,

        Plaintiff,

v.

NEW JERSEY CIVIL LAW
DIVISION JUDGE THOMAS K.
ISENHOUR,

        Defendant.

Case No. 21–cv–04398–JXN–ESK

OPINION AND ORDER

**KIEL**, U.S.M.J.

    **THIS MATTER** is before the Court on *pro se* plaintiff Andrew M. Podems's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) (Motion). (ECF No. 10.) For the following reasons, the Motion is **DENIED**.

## BACKGROUND

    Podems alleges that defendant Judge Thomas K. Isenhour refused to order a reduction of his child support obligations after Podems became unemployed. (ECF No. 1 p. 6.) Podems also claims defendant sentenced him to jail[1] without a fair hearing. (*Id*.; ECF No. 10 p. 3.)

    Podems brings claims under 42 U.S.C. § 1983 alleging defendant violated his constitutional rights under the Fourteenth Amendment. (ECF No. 1 p. 4.) Podems seeks $2,000,000 in damages and demands the "removal of bar and judicial appointments of [Judge] Thomas Isenhour." (*Id*. p. 7.) Podems also demands "a change in the law [and] procedure." (*Id*.) Although the Motion states that the complaint "includes several Superior Court Judges," Podems's

---

[1] The complaint claims that Podems was incarcerated from March 1, 2019, to March 3, 2019. (ECF No. 1 p. 5.)

pleading only names Judge Isenhour. (*Compare* ECF No. 1 p.2, *with* ECF No. 10 p.5.)

## PROCEDURAL HISTORY

Podems filed the complaint on March 8, 2021. (ECF No. 1.) On June 21, 2021, Podems was notified that his complaint would be dismissed under Rule 4(m) due to his "failure to effect service of the summons and complaint within 90 days of the filing of the complaint." (ECF No. 3.) On July 19, 2021, Podems submitted a letter to District Judge Julien X. Neals requesting an extension of time to serve defendant. (ECF No. 5.) "[C]onsidering [Podems's] *pro bono* status," Judge Neals granted the extension. (ECF No. 6.)

## MOTION FOR *PRO BONO* COUNSEL

In support of the Motion, Podems explains that he cannot afford to hire counsel. (ECF No. 10 p.5.) He describes underlying matrimonial proceedings wherein "[t]he Union County child support judges and enforcement team used an unfair hearing practice to increase the census of the jail by arresting non-compliant obligators[.]" (*Id.*) According to Podems, "[w]ithout a lawyer, the Federal courts are likely to do the same." (*Id.*) Furthermore, "navigat[ing] a case like this is beyond a lay person[']s capability." (*Id.*)

## ANALYSIS AND DISCUSSION

The Court has the discretion to appoint attorneys to represent litigants who are "unable to afford counsel[.]" 28 U.S.C. §1915(e)(1). The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint counsel "must be made on a case-by-case basis." *Tabron v. Grace*, 6 F.3d 147, 157–58 (3d Cir. 1993). The Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).

The decision to appoint *pro bono* counsel for plaintiffs proceeding *in forma pauperis* involves a two-step analysis. *Howard v. Reyes*, No. 18-00800, 2020 WL 3958483, at *2 (D.N.J. July 13, 2020). First, "[a]s a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Once a claimant overcomes this "threshold hurdle," the Court should then consider the following factors: (1) the claimant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the claimant's ability to pursue investigation; (4) the claimant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155–57.

"This list of factors is not exhaustive [and] should serve as a guidepost[.]" *Parham*, 126 F.3d at 458 (citing *Tabron*, 6 F.3d at 155). Where the factual and legal issues "have not been tested or developed by the general course of litigation … factors (2)–(5) of *Parham*'s test [are] particularly difficult to evaluate." *Howard*, 2020 WL 3958483, at *2 (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-04122 and 99-04233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a "distinctive procedural posture")).

As a preliminary matter, I cannot find that Podems's case has "some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. The complaint merely alludes to the denial of Podems's request to reduce his child support obligations. (ECF No. 1.) The complaint also fails to provide sufficient detail for this Court to determine whether Podems's sentence of three days in jail constituted a Fourteenth Amendment violation. (*Id.*) Podems has not provided any information, such as a caption or docket number, on the underlying proceedings

referenced in the Motion.  As such, Podems's claims, at this juncture, are not sufficiently "meritorious" to overcome the "threshold hurdle" of the two-step analysis.  *Parham*, 126 F.3d at 459.  I cannot determine from Podems's pleading, even under a liberal reading, whether his claims have any merit.

The *Tabron* Court recognized "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation."  6 F.3d at 157.  I recognize that "where a plaintiff's case appears to have merit and most of the aforementioned [*Parham*] factors have been met, courts should make every attempt to obtain counsel."  *Parham*, 126 F.3d at 461 (citing *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989)).  Here, since I have no basis to proceed to the second step of the *Tabron* analysis, the Motion is properly denied.  *Tabron*, 6 F.3d at 155.

## ORDER

Accordingly, and for the reasons stated above,

**IT IS** on this   **15th** day of **October 2021**   **ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at **ECF No. 10**.

3. The Clerk of the Court is directed to transmit a copy of this opinion and order to plaintiff by regular mail.

  */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**